UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLY SCHRAMM,<br><br>    Plaintiff,<br><br>v.<br><br>MONTAGE HEALTH, et al.,<br><br>    Defendants. | Case No.17-cv-02757-VKD<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B)**<br><br>Re: Dkt. No. 56 |

Before the Court is the Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 41(b) filed by defendants Community Hospital of the Monterey Peninsula ("CHOMP"), Steven Packer, James Montgomery, Kelly Schmidt, Monterey Bay Emergency Physicians Medical Corporation, Randeep Singh, and Samuel Melton. Dkt. No. 56. All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 19. For the following reasons, and for the reasons stated at the hearing on June 19, 2018, the Court **DENIES** the motion to dismiss.

## I. BACKGROUND

*Pro se* plaintiff Kelly Schramm filed this suit in 2017, alleging violations of the Emergency Medical Treatment and Active Labor Act (EMTALA) and the Americans with Disabilities Act (ADA). Ms. Schramm alleged that after being sexually assaulted, she was taken to CHOMP for medical attention, where defendants failed to administer a rape kit or take her rape allegation seriously because they knew she suffered from bipolar disorder. Dkt. No. 38.

This Court has already granted two motions to dismiss Ms. Schramm's first and second amended complaints. Dkt. Nos. 33, 49. In its order dismissing the second amended complaint, the Court dismissed all of Ms. Schramm's claims under EMTALA and two of her three ADA

1 claims without leave to amend. Dkt. No. 49 at 8, 11. The Court gave Ms. Schramm until April 4, 2018 to file a third amended complaint directed to her ADA claim for failure to treat her sexual assault for discriminatory reasons (without adding new claims or defendants) or to seek leave to file a third amended complaint adding news claims or defendants. *Id.* at 12.

On April 3, 2018, the day before her deadline to file a third amended complaint, Ms. Schramm requested an extension of time and attached a note from her psychiatrist stating that a change in her medication had exacerbated her mental health issues, making it difficult for her to handle the challenges of litigation. Dkt. No. 51. The Court granted her request for an extension until May 7, 2018. Dkt. No. 54.

Ms. Schramm missed her May 7 deadline. On May 9, 2018, defendants filed a motion to dismiss for lack of prosecution under Fed. R. Civ. P. 41(b). Dkt. No. 56. Ms. Schramm did not file any response or opposition to the motion. *See* Dkt. No. 59. On June 13, 2018, Ms. Schramm filed a Request for Opportunity to Appear in Court for June 19, 2018 Hearing to Oppose Defendants' Motion to Dismiss Pursuant to Rule 41(b). Dkt. No. 61. She attached a second note from her psychiatrist to her request, explaining that her medications continued to require adjustment and that the effect of that adjustment greatly and adversely impacted her ability to perform tasks necessary to prosecute her case. Dkt. No. 61. Ms. Schramm's June 13, 2018 submission also included a number of questions directed to the Court and expressions of confusion about a number of matters.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In addition, the Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* Dismissal is appropriate where at

least four of the five factors favor dismissal, or where at least three factors "strongly" support dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A grant or denial of involuntary dismissal rests in the sound discretion of the court. *Ashbaucher v. City of Arcata*, No. CV 08–2840 MHP (NJV), 2010 WL 11211481, at *2 (N.D. Cal. Aug. 19, 2010); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

## III. DISCUSSION

The Court considers each of the *Henderson* factors in turn.

### A. Public Interest in Expeditious Resolution of Litigation

The public's interest in expeditious resolution of litigation is not well-served where an extended delay of proceedings has occurred or is threatened. Fed. R. Civ. P. 1 (requiring courts and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process."); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting that the first *Henderson* factor always favors dismissal). Here, defendants have filed multiple successful motions to dismiss, and Ms. Schramm's failure to comply with prior deadlines for leave to amend her complaint have contributed to the lack of progress in this matter, which has now been pending at the pleading stage for more than one year. This factor strongly favors dismissal.

### B. Court's Need to Manage Its Docket

The Court is in the best position to evaluate the effects of any delay on its docket. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (citing *Ash v. Cvetkov*, 739 F.2d 493 (9th Cir. 1984)). Defendants correctly point out that Ms. Schramm has failed to comply with multiple deadlines set by the Court, resulting in substantial delays. Dkt. No. 56 at 4; Dkt. No. 63 at 3–4. However, the impact of these delays on the Court's ability to manage its docket is not significant, given the early stage of this case and the status of other matters on the Court's docket. This factor

3

is neutral with respect to dismissal.

### C. Risk of Prejudice to Defendants

Defendants made several assertions of prejudice in their briefing on the motion to dismiss. Dkt. No. 56 at 5 ("Defendants may be further prejudiced unless the SAC is dismissed."); Dkt. No. 63 at 3 ("Defendants have been prejudiced by these delays and continue to be prejudiced the longer this matter drags on."). However, defendants did not describe any particular prejudice that they have suffered to date, or will suffer if the matter is not dismissed now, apart from the cost of briefing their motions to dismiss. This is not the type of prejudice that weighs in favor of dismissal. Rather, the Court "examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants do not contend that Ms. Schramm's failure to meet the deadline to file a third amended complaint impairs their ability to make their case or prepare for trial, or that it threatens to interfere with the rightful decision of the case.

Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default. *Id.* Ms. Schramm's June 13, 2018 submission suggests that she is genuinely confused about how to comply with the Court's prior order concerning her third amended complaint. Her submission also suggests that her failure to comply is due at least in part to the mental health condition described in her earlier pleadings and in her prior motion to extend the deadline. Her ability to comply is further impacted by the fact that she has been proceeding *pro se* in this matter, albeit with the assistance of the Federal Pro Se Program. This Court has found—and finds again—that Ms. Schramm's mental health condition establishes good cause for her delay and that her delay is not in bad faith. Dkt. No. 54 at 2.

Thus, the Court finds that this factor does not weigh in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

Ms. Schramm attempts to plead a claim for discrimination by CHOMP based on her mental health condition. The public policy favoring disposition of cases on their merits weighs

4

strongly against dismissal, particularly in civil rights cases. *Hernandez*, 138 F.3d at 399.

### E. Availability of Less Drastic Alternatives

In granting Ms. Schramm an extension to May 7, 2018 to file a third amended complaint, the Court described the extension as "one last deadline extension" and warned that it did "not intend to grant any further extensions, and will look especially unfavorably on any request submitted at the last minute." Dkt. No. 54 at 2. Given Ms. Schramm's repeated missed deadlines, dismissal of this case for failure to prosecute might be justified. However, given the circumstances described above, the Court believes that it will be difficult for Ms. Schramm to attempt to address the defects in her complaint if she continues to proceed *pro se* at this stage of the case.

A less drastic alternative to outright dismissal—one that addresses a difficulty that likely contributed to Ms. Schramm's failure to comply with prior Court orders—is available. As explained at the hearing, the Court believes that Ms. Schramm's ability to comply with the Court's orders will be enhanced if she has the assistance of appointed counsel. Accordingly, by separate order, the Court will refer Ms. Schramm to the Federal Pro Se Program for placement with *pro bono* counsel.

In conclusion, four of the five factors either weigh against dismissal or are neutral, while one factor strongly favors dismissal. The Court declines to dismiss the case.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons stated at the hearing on this matter, the Court **DENIES** the motion to dismiss. As the Court stated at the hearing, Ms. Schramm is forewarned that, if *pro bono* counsel can be appointed to assist her, she will have one last opportunity to comply with the Court's March 5, 2018 order regarding amendment of her pleadings. Dkt. No. 49.

**IT IS SO ORDERED.**

Dated: June 21, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge