UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLY SCHRAMM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MONTAGE HEALTH, et al.,<br><br>　　　　　Defendants. | Case No.17-cv-02757-VKD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 76 |

Plaintiff Kelly Schramm sues Community Hospital of the Monterey Peninsula ("CHOMP"), its employees, and related entities for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. Dkt. No. 1. Ms. Schramm now seeks leave to file a Third Amended Complaint ("TAC") pursuant to the Court's March 5, 2018 order dismissing the Second Amended Complaint ("SAC"). Dkt. No. 76. Ms. Schramm also moves for reconsideration of the Court's order dismissing two of her ADA claims and her claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd et seq. *Id.* The Court heard oral argument on the motions on October 23, 2018. Dkt. No. 76.

All parties who have appeared have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 19. Having considered the parties' briefs and the arguments made at the hearing, for the following reasons, the Court grants Ms. Schramm's leave to file a TAC and grants her motion for reconsideration.

## I. BACKGROUND

Ms. Schramm alleges that in May 2015, she was taken to CHOMP against her wishes for medical attention following a sexual assault, where defendants failed to administer a rape kit or

take her rape allegation seriously because they knew she suffered from bipolar disorder. Dkt. No. 38 ¶¶ 23-77. Ms. Schramm describes this behavior as "diagnostic overshadowing," in which mentally ill patients receive inadequate or delayed treatment on account of the misattribution of their physical symptoms to their mental illness. *Id.* ¶¶ 78-80. After she concluded that she would not receive the appropriate medical attention, Ms. Schramm attempted to leave CHOMP to seek care elsewhere. *Id.* ¶¶ 81-83. She says she was not permitted to leave and was instead forcibly restrained (resulting in additional physical injuries), administered inappropriate medication, catheterized, and eventually formally detained pursuant to California Welfare and Institutions Code § 5150 for three days and two nights. *Id.* ¶¶ 85-150. Because CHOMP did not administer a rape kit, Ms. Schramm says she was unable to obtain evidence necessary to pursue criminal charges against her assailant. *Id.* ¶ 153.

Ms. Schramm filed this action pro se in 2017, alleging EMTALA and ADA violations as well as state law claims. Dkt. No. 1. The Court granted defendants' motions to dismiss certain claims in Ms. Schramm's first and second amended complaints, but with leave to amend. Dkt. Nos. 33, 49. However, in its March 5, 2018 order dismissing the SAC, the Court dismissed all of Ms. Schramm's claims under the EMTALA and her second and third ADA claims (alleging a denial of her right to refuse treatment and a failure to accommodate by de-escalation) *without* leave to amend. Dkt. No. 49 at 8, 11. The Court gave Ms. Schramm leave to file a TAC directed to her first ADA claim for failure to treat her sexual assault for discriminatory reasons (without adding new claims or defendants), or, alternatively, to seek leave to file a TAC adding new claims or defendants.[1] *Id.* at 12.

On June 21, 2018, the Court referred Ms. Schramm to the Federal Pro Se Program for appointment of pro bono counsel for the following limited purpose: (a) filing a TAC that addresses the deficiencies in her single ADA claim for failure to treat for discriminatory reasons, consistent with the Court's March 5, 2018 order of dismissal, and/or (b) seeking leave to file a TAC adding new claims or defendants, consistent with the Court's March 5, 2018 order, and (c) briefing and

---

[1] On June 4, 2018, this case was reassigned to the undersigned following the retirement of Judge Lloyd, who previously presided over this action. Dkt. No. 60.

2

hearing on any motions relating to any such amendments. Dkt. No. 66. The Court appointed attorneys from Sidley Austin LLP as pro bono counsel on July 30, 2018 and ordered Ms. Schramm to file her TAC or a motion for leave to file a TAC if she sought to add new claims or defendants by September 13, 2018. Dkt. No. 71. On September 13, 2018, Ms. Schramm filed a motion for leave to file a TAC and a motion for leave to seek reconsideration. Dkt. No. 76.

## II. LEGAL STANDARD

### A. Rule 15 Amendment

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Reconsideration

"A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations and citations omitted).

Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. Civ. L.R. 7-9(a). The local rule provides that a party may move for reconsideration on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party

applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b). The moving party may not reargue any argument previously made to the Court. Civ. L.R. 7-9(c).

**III.  DISCUSSION**

    **A.  Plaintiff's Motion for Leave to File a Third Amended Complaint**

        **1.  Plaintiff's First ADA Claim (Failure to Treat Sexual Assault)**

The Court previously dismissed Ms. Schramm's first claim under the ADA for failure to treat her sexual assault because she had not pled that she possessed the requisite standing to seek injunctive relief under Title III. Dkt. No. 49 at 11. In its order, the Court stated that "nothing in the [SAC] suggests that [Ms.] Schramm is at risk of repeated injury in the future from CHOMP . . . . There is no reason to believe she would go back of her own accord, and her past injury is not sufficient to establish standing." *Id.*

Ms. Schramm has amended her allegations in the proposed TAC to address the Court's earlier concern regarding "a real and immediate threat of repeated injury in the future." The Court considers whether the amended pleading meets the test established by the Ninth Circuit: "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (en banc). The Court concludes that the proposed TAC satisfies the standing requirement under either theory.

            **a.  Deterrence**

Ms. Schramm pleads that she is deterred from returning to CHOMP's emergency department because CHOMP discriminated against her in the past based on her mental health status and based on its continuing and erroneous "red-flagging" of her patient file to indicate that she is a drug addict. Dkt. No. 76-1 ¶¶ 26-31, 43-44, 207. She says that she is likely to suffer discrimination at CHOMP in the future if she is again transported to the emergency department for treatment. *Id.* ¶¶ 7, 207-208.

Defendants argue that Ms. Schramm is not actually deterred from returning to CHOMP

4

because she fails to allege that there are any architectural barriers that restrict her full and equal enjoyment of CHOMP's premises. Dkt. No. 77 at 7–9. This argument has no merit. The ADA's protections are not limited to persons with physical disabilities facing physical architectural barriers, but extend to those with mental impairments, including mental illness and drug addiction. 42 U.S.C. § 12102(2)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual"); 28 C.F.R. § 35.108(b)(1)-(2) (defining "mental impairment" as "[a]ny mental or psychological disorder such as . . . organic brain syndrome, emotional or mental illness, and specific learning disabilities" and including "drug addiction" as a physical or mental impairment).

Defendants also contend that Ms. Schramm cannot demonstrate she is deterred because there is nothing to suggest that she will be raped again or that CHOMP would discriminate against her in the future based on her bipolar disorder. Dkt. No. 77 at 8. Defendants offer no support for their narrow contention that Ms. Schramm must show she is likely to suffer another sexual assault, return to the CHOMP emergency department, and suffer the same injuries in order to have standing. To the contrary, as defendants themselves observe, "[s]o long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 9 (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 113, 1137 (9th Cir. 2002)).

Ms. Schramm alleges not only past discrimination based on her mental health status, but also a practice of treatment or mis-treatment based on that status. Dkt. No. 76-1 ¶¶ 26-31, 193. She alleges that her patient file remains red-flagged and defendants maintain a "policy of headlining [her] as bipolar and an addict . . . ." *Id.* ¶ 193. She is unwilling to return to CHOMP's emergency department so long as that practice continues. *Id.* ¶¶ 43-44, 207-208. In addition, Ms. Schramm pleads facts supporting her contention that she lacks control over where the paramedics take her if she requires emergency treatment in the future. *Id.*; *see also* Dkt. 77-1, Ex. A at 1.

Defendants argue that Ms. Schramm cannot demonstrate deterrence because she has visited other CHOMP facilities besides the emergency department since the May 2015 incident that gave

rise to her claims.[2] Defendants also argue that Ms. Schramm is not exposed to a threat of repeated injury because she resides closer to other hospitals to which she might be taken in the event of an emergency instead of CHOMP. Both of these arguments go to the merits of Ms. Schramm's ADA claim. While defendants may ultimately be able to show that Ms. Schramm should not prevail on her claim for injunctive relief, the facts alleged in the proposed TAC are sufficient for purposes of leave to amend under Rule 15(a). *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

The Court finds that Ms. Schramm has adequately pled deterrence.

### b. Intent-to-return

Ms. Schramm says that she will be forced to return to CHOMP in the event of an emergency. She further alleges that an emergency is not unlikely, as she suffers from medical conditions (e.g., asthma, possible heart damage resulting from a myocardial infarction, choleccystitis) that may necessitate future emergency treatment, and that in the event of a medical emergency, she likely would be taken to CHOMP because she resides in CHOMP's service area. Dkt. No. 76-1 ¶ 7. Additionally, she says she will be taken to CHOMP in an emergency even if she does not want to be taken there, as was the case in May 2015. *Id.* ¶¶ 43-44.

Although "past wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy," *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983), "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). The proposed TAC pleads facts concerning Ms. Schramm's past experiences, in which the CHOMP emergency department failed to provide appropriate medical care based at least in part on her bipolar disorder and the erroneous red-flagging of her file. Dkt. No. 76-1 ¶¶ 26-31. In *Lyons*, the Supreme Court held that the plaintiff had no standing to pursue a claim for injunctive relief because he could not show that he was "realistically threatened by a repetition of his experience . . . ." 461 U.S. at 109. To make this

---

[2] *See infra* Section III.C.

6

showing, the *Lyons* plaintiff "would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation, or for questioning, or (2) that the City ordered or authorized police officers to act in such a manner." *Id.* at 105–06 (emphasis original).

By contrast, Ms. Schramm plausibly alleges that her prior experience will be repeated. She pleads that she suffers from medical conditions that could necessitate a return to the CHOMP emergency department where, because of CHOMP's discriminatory practices, she would receive similar discriminatory treatment. *See Day v. Sumner Regional Health Sys., Inc.*, No. 3:07-0595, 2007 WL 4570810, at *4 (M.D. Tenn. Dec. 26, 2007) (finding that plaintiff's allegations of chronic health conditions made it likely she would have no choice but to return to hospital's emergency room in the future). Ms. Schramm's injury is ongoing because her file remains red-flagged and defendants maintain a "policy of headlining [her] as bipolar and an addict . . . ." Dkt. No. 76-1 ¶ 193. CHOMP's "ongoing policy coupled with [Ms. Schramm's] past injury establishes a 'real and immediate threat' of [her] injury occurring again." *See Fortyune v. Am. Multi-Cinema, Inc.* 364 F.3d 1075, 1082 (9th Cir. 2004). Given CHOMP's alleged policy and Ms. Schramm's chronic medical conditions, the Court cannot conclude, as a matter of law, that the possibility of her injury recurring is "so remote as to preclude standing." *Id.*; *see also Day*, 2007 WL 4570810, at *4.

The Court finds that the proposed TAC adequately pleads standing for injunctive relief under Title III of the ADA by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility.

### 2. Rehabilitation Act Claim

Ms. Schramm proposes to add an additional claim (claim 3) for relief under section 504 of the Rehabilitation Act of 1973, as amended at 29 U.S.C. § 794, which states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

7

discrimination under any program or activity receiving Federal financial assistance . . . ."[3] Dkt. No. 76-1 ¶¶ 209-212. Defendants did not address this additional claim in their briefing and do not appear to oppose this amendment. Given that this action remains in its earliest stages, the Court finds defendants will not be prejudiced if Ms. Schramm is permitted to assert a claim under the Rehabilitation Act. *Dep't of Fair Empl. & Hous. v. Law Sch. Admission Council, Inc. ("LSAC")*, No. 12-cv-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. 2013) (citing cases holding that undue prejudice may be established where "a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close"); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

### 3. State Law Claims

Because the Court finds that Ms. Schramm has stated a claim for violation of Title III of the ADA, the Court exercises its supplemental jurisdiction over Ms. Schramm's state law claims for violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.), intentional infliction of emotional distress, assault and battery, false imprisonment, and violations of the Lanterman-Petris-Short Act (California Welfare and Institutions Code § 5000 et seq.), assuming she states claims for relief on those grounds. 28 U.S.C. § 1367.

Defendants argue that Ms. Schramm should not be permitted to re-assert these state law claims because she voluntarily dismissed them and now acts in bad faith to unduly delay the case. Dkt. No. 77 at 15–17. The Court finds no evidence of bad faith on Ms. Schramm's part. Rather, it appears that Ms. Schramm, who was not represented by counsel at the time, was confused about whether she could plead state law claims along with her federal claims, and she attempted to reserve her rights with respect to those claims in her SAC. Dkt. No. 33 at 4.

The Court also finds that Ms. Schramm has not acted in a dilatory manner. The Court

---

[3] The proposed TAC does not explicitly plead which section of the Rehabilitation Act defendants are alleged to have violated, but the Court infers based on counsel's statements at the hearing that Ms. Schramm means to allege a violation of section 504. Ms. Schramm should specifically indicate which section or sections she alleges has been violated when she files her TAC.

8

previously has found good cause for her delays in filing her amended pleadings and determined that Ms. Schramm did not seek extensions of time in bad faith. Dkt. Nos. 54, 62. Defendants' allegations of "gamesmanship" by a pro se plaintiff lack merit. Even if defendants have suffered extensive delay, such delay alone is insufficient reason to deny leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."). Defendants do not cite any specific prejudice they have suffered that would support denial of leave to amend. Dkt. No. 65 (denying defendants' motion to dismiss for failure to prosecute in part because defendants failed to identify prejudice suffered); *Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

### 4. Named Defendants

Defendants argue that Ms. Schramm effectively dismissed all defendants except for CHOMP when she filed the SAC because she did not specify a cause of action against any other defendants, and that she should not be permitted to re-name them now. Dkt. No. 77 at 17–18. Defendants do not cite any authority supporting their position.

The Court declines to read the SAC in such a restrictive manner, particularly where the Court is required to construe pro se pleadings liberally. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt"); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Moreover, the Court has itself noted that the question of exactly who is a named defendant in this action remains open. In its order dismissing the SAC, the Court gave Ms. Schramm leave to amend to add new defendants even though she purported to assert claims against CHOMP only at the time. Dkt. No. 49 at 4, 12 (noting that Ms. Schramm indicated that she "intends to proceed against only CHOMP, *at least for now*") (emphasis added). As the Court noted in its order denying defendants' motion to dismiss for lack of prosecution, Ms. Schramm's previous submissions to the Court "suggest that she is genuinely confused about how to comply with the Court's prior order concerning her [TAC]." Dkt. No. 65

9

at 4. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)) (en banc); *accord Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Defendants describe no prejudice that they will suffer if the Court permits the proposed amendments.

The Court finds that the interests of justice support Ms. Schramm's request for leave to formally re-assert her state law claims against Montage Health (formerly known as "Community Hospital Endowments"), Monterey Bay Emergency Physicians Medical Corporation, James Montgomery, Kelly Schmidt, Randeep Singh, MD, and Steven Packer, MD.[4,5]

### B. Plaintiff's Motion for Reconsideration

Ms. Schramm asks the Court to reconsider its decision to dismiss her EMTALA claim and her two earlier ADA claims based on CHOMP's denial of her right to refuse treatment and its failure to reasonably accommodate her bipolar disorder.

As a threshold matter, Ms. Schramm requests that her brief serve as both her request for leave and the substantive argument for reconsideration under Civil Local Rule 7-9. Dkt. No. 76 at 7 n.4. This procedural maneuver defeats the purpose of Civil Local Rule 7-9, which prohibits a party from noticing a motion for reconsideration without first obtaining the Court's leave to file the motion. However, defendants did not object to Ms. Schramm's request, and therefore the Court will consider Ms. Schramm's motion for reconsideration on the merits.[6]

---

[4] Ms. Schramm may also assert these claims against newly added defendants, Cynthia Hunt and Donna Hepburn. Dkt. No. 76-1 ¶¶ 21-22.

[5] The caption of the proposed TAC does not accurately reflect the defendants that Ms. Schramm now purports to sue. The Court also notes that the headings of Ms. Schramm's claims for relief do not include the newly added defendants. *See* Dkt. No. 76-1 at 23:2-4, 26:1-2, 29:24-25, 30:5-6, 31:3-4, 31:14-16, 32:1-3, 32:17-19. To avoid confusion, Ms. Schramm should correct the caption and claims headings when filing her TAC.

[6] Defendants also argue that Ms. Schramm has not satisfied the standard under Federal Rule of Civil Procedure 60(b) for reconsideration, contending that the Court's prior order dismissing the SAC constituted a final order. Dkt. No. 77 at 10. Ms. Schramm did not address this argument in

10

1. **EMTALA Claim**

Ms. Schramm argues that the Court manifestly erred in dismissing her EMTALA claim by failing to consider applicable Ninth Circuit authority, in particular *Jackson v. East Bay Hosp.*, 246 F.3d 1248 (9th Cir. 2001) and *Sanders v. Legacy Emanuel Medical Center*, 676 F. App'x 709 (9th Cir. 2017). Ms. Schramm says that the Court's previous order only considered the EMTALA's initial screening requirement to identify whether a person suffers from an emergency medical condition, but failed to consider and apply the Ninth Circuit's pleading standard for disparate screening EMTALA claims.

A claim for disparate screening requires a plaintiff to plead facts showing that she received a different initial screening examination than the one that would have been offered to other patients presenting similar symptoms. *Sanders*, 676 F. App'x at 710. "To recover for a disparate screening, the plaintiff must proffer evidence sufficient to support a finding that she received a materially different screening than that provided to others in her condition. It is not enough to proffer expert testimony as to what treatment should have been provided to a patient in the plaintiff's position." *Id.* at 1185 (internal quotation and citation omitted). "[T]he test is whether the challenge procedure was identical to that provided [to] similarly situated patients as opposed to whether the procedure was adequate as judged by the medical profession." *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1258 (9th Cir. 1995); *see also Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001); *Romar ex rel. Romar v. Fresno Cmty. Hospital and Medical Center*, 583 F. Supp. 2d 1179, 1185 (E.D. Cal. 2008) (citing *Baker v. Adventist Health, Inc.,* 260 F.3d 987,

---

her reply brief. However, Rule 60(b) does not apply here because the Court's prior order was not a "final" order or judgment. *See* Fed. R. Civ. P 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Buchanan v. Cate*, No. 10cv423 BTM (NLS), 2011 WL 2940798, at *2 (S.D. Cal. July 20, 2011) (holding that an order that did not resolve all the issues in the case was not a final order, and thus Rule 60(b) did not apply); *Stewart v. Ryan*, No. CV 10-1110-PHX-MHM (ECV), 2010 WL 2991559, at *1 (D. Ariz. July 27, 2010) (holding that an order that dismissed some but not all of plaintiff's claims and did not direct entry of partial final judgment was not "final" within the meaning of Rule 60(b)); *see also Corn v. Guam Coral Co.*, 318 F.2d 622, 629 (9th Cir. 1963) ("'[F]inal' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] . . . are those which terminate the litigation in the district court subject only to the right of appeal.").

1    995 (9th Cir. 2001)).

Ms. Schramm argues that her SAC met this standard. She points to allegations that she did not receive "appropriate medical screening" because she received an examination than differed from the examination that would have been offered to other patients with similar symptoms. Dkt. No. 76-1 ¶¶ 51-59, 168-175. She also points to allegations that CHOMP did not conduct a medical screening rape examination in her case, but would have conducted such an examination for other rape victims in accordance with its policy. *Id.*

The Court's prior order dismissing Ms. Schramm's EMTALA claim was based solely on the EMTALA's narrow initial screening requirement: CHOMP simply had to do something reasonably designed to identify whether she was suffering from an emergency medical condition, which it did. Dkt. No. 49 at 8. The Court also noted that the EMTALA was designed to prevent hospitals from rejecting patients, and that CHOMP did not reject Ms. Schramm. *Id.*

Ms. Schramm correctly asserts that the Court's prior order did not address Ms. Schramm's disparate screening theory under the EMTALA, even though it noted with respect to her ADA claims that "she was denied a particular service of treatment for an alleged sexual assault." *Id.* at 9. Because the Court did not address Ms. Schramm's disparate screening theory, which was pled in the SAC (Dkt. No. 38 ¶¶ 164-169, 172-175), the Court "is left with the definite and firm conviction that a mistake has been committed" and therefore finds that it erred in dismissing Ms. Schramm's EMTALA claim without leave to amend. *Smith*, 727 F.3d at 955. Even if the EMTALA requires a hospital "to ask a simple question—'Is something wrong?'—and to go about answering that question in a reasonable way," Dkt. No. 49 at 8, the way in which the hospital asks and answers that question may not differ between similarly situated patients. That disparate treatment is precisely what Ms. Schramm has alleged.

Citing *Bryant v. v. Adventist Health Sys./West*, 289 F.3d 1162 (9th Cir. 2002), defendants argued for the first time at the hearing on the motion for reconsideration that Ms. Schramm cannot plausibly state a claim for an EMTALA violation based on CHOMP's rape kit policy because a hospital's EMTALA obligations are satisfied and extinguished once a patient has been admitted for treatment. Defendants argue that once a patient leaves the hospital, she cannot state any claim

12

1 under the EMTALA.

2 Defendants misread *Bryant*. *Bryant* does not stand for the proposition that admission automatically extinguishes *all* EMTALA claims. Rather, *Bryant* concerns the EMTALA's stabilization requirement, which ceases to apply once a patient is admitted for inpatient care. 289 F.3d at 1167–69; *see also* Dkt. No. 49 at 8 (discussing *Bryant* in context of Ms. Schramm's stabilization claim). Ms. Schramm's SAC asserted two EMTALA claims: one for failure to stabilize, and one for failure to provide an appropriate (i.e., not disparate) medical screening. Dkt. No. 38 ¶¶ 158-185; *compare* 42 U.S.C. § 1395dd(a) (entitled "Medical screening requirement") *with* 42 U.S.C. § 1395dd(b) (entitled "Necessary stabilizing treatment for emergency medical conditions and labor"). Under *Bryant*, Ms. Schramm's admission under California Welfare and Institutions Code § 5150 extinguished her claim for failure to stabilize. However, it did not extinguish her claim for disparate screening. The proposed TAC asserts an EMTALA claim based only on disparate screening under 42 U.S.C. § 1395dd(a); it does not allege a violation of the EMTALA for failure to stabilize under 42 U.S.C. § 1395dd(b). Dkt. No. 76-1 ¶¶ 165-179.

The Court grants Ms. Schramm's motion for reconsideration as to her EMTALA claim based on disparate screening.

### 2. Plaintiff's Second and Third ADA Claims (Denial of Right to Refuse Treatment, Failure to Accommodate)

In its earlier order, the Court dismissed two of Ms. Schramm's ADA claims: (1) her claim that CHOMP violated the ADA by denying her the right to refuse treatment, and (2) her claim that CHOMP violated the ADA by failing to reasonably accommodate her perceived bipolar status by unnecessarily escalating the its interactions with her. Dkt. No. 49 at 9–11. The Court construed these claims as challenging CHOMP's use of a section 5150 detention for involuntary treatment of mental illness as an act of discrimination under the ADA. The Court concluded that the complaint relied solely on alleged conduct by CHOMP that was inherent in any involuntary detention and therefore was immunized under state law. Dkt. No. 49 at 10–11; *see also Brumfield v. Munoz*, No. 08 CV 0958 WQH (NLS), 2008 WL 4748176, at *4 (S.D. Cal. Oct. 23, 2008). The Court also observed that, given the one-time nature of the challenged conduct, Ms. Schramm lacked standing

13

to pursue an ADA claim for injunctive relief. Dkt. No. 49 at 8–11.

Ms. Schramm argues that a state law defense cannot immunize violations of federal law, and that to the extent the Court's ruling suggests a section 5150 detention can never give rise to an ADA claim, "the ruling places any person who has ever been diagnosed with a mental health disorder at risk for arbitrary and discriminatory detention, even when visiting a hospital for unrelated physical ailments." Dkt. No. 76 at 8–9. Ms. Schramm says that CHOMP did not have probable cause to impose a section 5150 detention and that its use of such detention in the circumstances Ms. Schramm described violates the ADA. However, she notes that her dismissed claims also include allegations of additional wrongful conduct, including the use of excessive force. Dkt. No. 76 at 10–12; Dkt. No. 76-1 ¶¶ 84-97, 114-130, 133, 140, 158-160, 226, 230.

In opposing reconsideration, CHOMP relies primarily on lack of standing and the inconsistency it says exists between Ms. Schramm's first ADA claim and the two dismissed ADA claims. Dkt. No. 77 at 12–14. CHOMP does not respond to Ms. Schramm's preemption arguments.

On reconsideration, the Court concludes that, at the pleading stage, the SAC adequately stated a claim for violation of the ADA based on the deprivation of Ms. Schramm's right to refuse treatment once she realized that the treatment CHOMP provided differed materially from the treatment that would have been provided to patients who were not identified as bipolar. The Court also concludes that, at this stage, the SAC adequately stated a claim for violation of the ADA based on the failure to accommodate Ms. Schramm's bipolar disorder by means of de-escalation techniques. Dkt. No. 38 ¶¶ 212-216. The Court has already addressed the question of standing with respect to Ms. Schramm's first ADA claim, and that analysis applies equally to her second and third claims. *See supra* Section III.A.1.

**C.  Defendants' Conduct**

The Court is troubled by defendants' decision to include in the public record Ms. Schramm's personal medical information not at issue in this action, and even more troubled by defendants' inappropriate ad hominem attacks on Ms. Schramm and her pro bono counsel's veracity. Dkt. No. 77 at 8–9; Dkt. No. 77-1 ¶ 2. Such conduct contravenes this District's

14

Guidelines for Professional Conduct (available at https://cand.uscourts.gov/professional_conduct_guidelines), which state that "[a]ll matters should be handled with due respect for the privacy rights of parties and non-parties," and:

> Written materials submitted to the court should . . . fairly represent the parties' positions without unfairly attacking the opposing party or opposing counsel. . . . A lawyer should avoid denigrating the intelligence, ethics, morals, integrity, or personal behavior of the opposing party, counsel, or witness, unless such matters are at issue in the proceeding.

Guidelines for Professional Conduct ¶¶ 7, 17. The Court expects all counsel to abide by those Guidelines as well as the Standards of Professional Conduct set forth in Civil Local Rule 11-4. Failure to do so exposes counsel to risk of sanctions or discipline.

**IV. CONCLUSION**

For these reasons, the Court grants Ms. Schramm's motion for leave to file the proposed TAC with the amendments described above and grants her motion for reconsideration. Ms. Schramm shall file her TAC by **February 8, 2019** and thereafter promptly serve any newly added defendants.

**IT IS SO ORDERED.**

Dated: January 30, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge